UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACOB SNIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:09-CV-298 |
| | ) (VARLAN/GUYTON) |
| AMERICA'S COLLECTIBLES NETWORK, INC., | ) |
| d/b/a Jewelry Television, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants' Motion to Dismiss [Doc. 17], filed by defendants America's Collectibles Network, Inc., d/b/a Jewelry Television, et al. (hereinafter referred to collectively as "defendants").[1] In the motion to dismiss, defendants move the Court to dismiss the claims brought by plaintiff Jacob Snir for failure to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] References in this Memorandum Opinion to "defendants" shall include America's Collectibles Network, Inc., d/b/a Jewelry Television ("JTV") and the following entity defendants: Multimedia Commerce Group, Inc., ACN Financing, Inc., ACN Network, Inc., ACN Leasing, Inc., The Gemstore, Inc. by Jewelry Television, JTV.com Internet Company and BBJ Holdings, and all the named individual defendants except for defendant Kevin Muir ("defendant Muir") and defendant XS Goods, Inc. ("defendant XS Goods"). All of the previously listed defendants, except for defendant Muir and defendant XS Goods, are represented by the same counsel. Defendant Muir is represented by other counsel and counsel for defendants submits that he has no knowledge of defendant XS Goods or its relationship to defendants. Counsel for defendants also submits that defendant JTV.com Interest Company is erroneously listed as a separate entity [*see* Doc. 17, p. 1 n.1].

Plaintiff has not filed a response to the motion to dismiss and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2.

The Court has carefully reviewed plaintiff's complaint [Doc. 1], the pending motion to dismiss [Doc. 17], and the supporting brief [Doc. 18], all in light of the applicable law. For the reasons set forth herein, the motion to dismiss [Doc. 17] will be **GRANTED**, and plaintiff's claims will be **DISMISSED with prejudice** and in their entirety.

**I.    Background**

At the time plaintiff filed the complaint, on July 6, 2009, there were two other cases pending in this Court in which former employees of defendant America's Collectibles Network, Inc., d/b/a Jewelry Television ("defendant JTV") have sued the same entities and individuals plaintiff sued in this action. *See Valerie Hughes v. America's Collectibles Network, Inc., et al. ("Hughes")*, 3:09-CV-176; *Steve Harry Gordon v. America's Collectibles Network, Inc., et al. ("Gordon")*, 3:09-CV-206. The plaintiff in *Hughes* and the plaintiff in *Gordon* alleged many of the same claims, with only slightly different facts, as plaintiff in this case. Importantly, both the plaintiff in *Hughes* and the plaintiff in *Gordon* brought their actions against the same defendants as plaintiff in this action and asserted virtually identical allegations and claims as those contained in plaintiff's complaint.

On December 14, 2009, the Court consolidated this action, the *Hughes* case, and the *Gordon* case for purposes of discovery and other pretrial proceedings only [*see* Doc. 7]. Following entry of that consolidation order, the Court resolved several pending motions in both the *Hughes* case and the *Gordon* case. These motions had been filed prior to the Court's

order of consolidation. Importantly, both the *Hughes* case and the *Gordon* case had pending motions to dismiss filed by defendants, asserting essentially the same argument defendants assert in this motion to dismiss. On March 8, 2010, after careful consideration of each case, and after noting the substantial similarity of the claims made by the *Hughes* plaintiff and the *Gordon* plaintiff against defendants, the Court granted defendants' motions to dismiss, thereby dismissing the claims of the *Hughes* plaintiff and the claims of the *Gordon* plaintiff in their entirety and closing those cases [*see Hughes* Docs. 36, 37; *Gordon* Docs. 70, 71]. The Court did not, at that time, consider dismissing plaintiff's claims in this action because no motion to dismiss had yet been filed by defendants. The Court's dismissal of the *Hughes* case and the *Gordon* case thus had no impact on this action, except that, in light of these dismissals, the Court found that consolidation was no longer warranted and ordered that the matters be un-consolidated [Doc. 19]. On April 20, 2010, following the Court's dismissal of the *Hughes* case and the *Gordon* case, defendants filed the instant motion to dismiss.

**II.     Facts**

Plaintiff alleges the following facts in his complaint. Plaintiff alleges that he worked for defendant JTV for two and a half years, the last six months as a user interface support engineer [Doc. 1, ¶ 43]. On May 16, 2008, plaintiff alleges that he was terminated from defendant JTV as part of a reduction in force [*Id.*, ¶¶ 43, 45, 49]. Plaintiff alleges that at the time of his termination, he was an employee "in good standing" with no reprimands or other disciplinary notices in his file, yet he was labeled as a "troublemaker" by defendant JTV [*Id.*, ¶ 46]. Plaintiff further alleges that he was terminated because he exercised his right to

practice his religion–orthodox Judaism–and because of cost containment measures implemented to eliminate high health care costs associated with his injured knee [*Id.*, ¶¶ 45, 48, 54].

Plaintiff then alleges that defendant Muir[2] conspired with defendant JTV and its subsidiaries and/or agents, also defendants in this action, as part of a "consulting function" to eliminate "troublemaker" employees [*Id.*, ¶¶ 59, 61]. Plaintiff alleges that in connection with defendant JTV's reduction in force, defendant David Boeschenstein read a statement adopted from a book authored by defendant Muir and that this was part of a conspiracy or scheme to eliminate individuals at defendant JTV [*Id.*, ¶ 55].[3] Plaintiff further alleges that the link between defendant Muir and defendant JTV is evidenced by the close proximity of time between when two articles appeared on the Internet, one—an article about the reduction in force at defendant JTV from the Knoxville News Sentinel, the other—a blog related to defendant Muir's book and containing a link to that article [*Id.*, ¶¶ 50-60].

Following plaintiff's termination from defendant JTV, plaintiff filed his complaint in which he asserts allegations regarding conspiracy and religious-based discrimination claims under the Tennessee Human Rights Act (the "THRA"), T.C.A. §§ 4-21-101, *et seq.* (Count

---

[2] Defendant Muir filed a motion to dismiss or for summary judgment, asserting that he was in no way involved in plaintiff's employment or termination from defendant JTV [Doc. 9]. In a memorandum opinion and order entered contemporaneously with this Memorandum Opinion and accompanying Order, the Court found defendant Muir's motion well-taken and dismissed him from this case.

[3] In the complaint, plaintiff also describes a page from a book authored by defendant Muir which discusses difficult employee termination scenarios from an employer's perspective [Doc. 1, ¶ 62].

I); the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621, *et seq.*, as amended by the Older Workers Benefit Protection Act (the "OWBPA") (Count II); and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Count III) [*see* Doc. 1]. Plaintiff is also seeking class action status pursuant to Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23.

Defendants then filed the motion to dismiss, asserting that plaintiff's claims should be dismissed, in their entirety, against all defendants because plaintiff failed to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants assert that plaintiff's complaint does not allege the basic elements of a prima facie case as to any of plaintiff's claims and does not allege any facts with the specificity necessary to survive a motion to dismiss. Defendants argue that the vast majority of the "facts" alleged in the complaint are merely legal conclusions and speculations. Defendants also assert that, of the multiple individual defendants and entities named as defendants, the factual allegations of the complaint only mention three individual defendants. Further, defendants assert that only one of the entity defendants, defendant JTV, is alleged to have discriminated or otherwise harmed plaintiff.

### III. Analysis

#### A. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most

favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his or her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Further, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557.

In *Ashcroft v. Iqbal*, — U.S.— , —, 129 S.Ct. 1937, 1949 (2009), the United States Supreme Court reaffirmed its prior holding in *Twombly* and stated that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The Supreme Court then proceeded to explain the two principles underlying these statements:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50 (citations omitted). Accordingly when a complaint states no more than conclusions, such are not entitled to the assumption of truth. *Id.* At 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*; *see also Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that the standard for a motion to dismiss is to screen out cases that "while not utterly impossible, are 'implausible'").

## B. Conspiracy Allegations

Defendants argue that plaintiff has failed to establish a conspiracy claim under 42 U.S.C. § 1985(3). The complaint contains allegations regarding a conspiracy between defendant JTV, defendant JTV's executive management,[4] and defendant Muir [*see* Doc. 1]. Plaintiff has alleged that this conspiracy denied plaintiff and others similarly situated of their civil rights. Besides defendant JTV and defendant JTV's executive management, defendant Muir is the only individual defendant named in plaintiff's conspiracy allegations. Specifically, plaintiff alleges that defendant Muir, whom plaintiff alleges is a defendant pursuant to § 1985(3), conspired with defendant JTV as part of a "consulting function" and

---

[4] Allegations in the complaint are made generally against "the Defendants," "JTV," or "JTV executive management." [*see* Doc. 1]. Plaintiff does not identify the members of "JTV executive management" in the complaint.

7

that plaintiff was terminated in accordance with a plan or scheme in a conspiracy contrived by JTV executive management and defendant Muir.

To establish a claim under § 1985(3), a plaintiff must establish: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v Hills & Dale Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). A plaintiff must also show that the conspiracy was motivated by a class-based discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

As to the first requirement, the only individual defendant that plaintiff has alleged engaged in the alleged conspiracy is defendant Muir. As to the second and fourth requirements, beyond that conclusory assertion that he was terminated in violation of his civil rights, plaintiff has not offered any facts to support a claim that any of the defendants purposefully deprived, either directly or indirectly, plaintiff of the equal protection of the laws or a right or privilege of citizenship. The third element presents a closer question because plaintiff has arguably alleged acts in furtherance of the conspiracy in that plaintiff has alleged that defendant David Boeschenstein, an officer of defendant JTV, read to him a statement taken from defendant Muir's book and presented him with a severance agreement adopted from the book. However, given plaintiff's failure to plead the remaining requirements of § 1985(3), or allege facts sufficient to indicate the existence of such

requirements, this one factual allegation cannot save plaintiff's claim of a conspiracy to violate his civil rights. Accordingly, plaintiff has failed to state a claim for a violation of § 1985(3) and this claim is hereby dismissed.

### C. THRA Claim

Defendants also argue that plaintiff has failed to state a claim for a violation of the THRA. In Count I of the complaint, plaintiff alleges that his religion–orthodox Judaism–was a determining factor in the decision to terminate him [Doc. 1, ¶¶ 65-71]. The THRA provides that it is a discriminatory practice for an employer to:

> [D]ischarge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's . . . religion[.]

T.C.A. § 4-21-401(a)(1). "The stated purpose and intent of the [THRA] is to provide for execution within Tennessee of the policies embodied in the federal civil rights laws." *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996). The Tennessee Supreme Court has also held that "an analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act." *Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006). Thus, the Court's analysis of a claim under the THRA is the same as the Court's analysis of a claim under Title VII.

To assert a successful claim of religious-based discrimination under Title VII, a plaintiff must present either direct evidence of discrimination or a prima facie case of indirect discrimination. *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007). Plaintiff in this case has made no direct allegation of direct discrimination, thus, he must establish a prima facie case

9

of indirect discrimination by showing that: (1) he was a member of a protected class; (2) he experienced an adverse employment action; (3) he was qualified for his position; and (4) he was replaced by a person outside of the protected class or treated differently than similarly situated employees. *See Tepper*, 505 F.3d at 515.

Even taking the facts alleged in the complaint in a light most favorable to plaintiff, the Court cannot conclude that plaintiff has stated a prima facie case for discrimination based on religion. Plaintiff has alleged that he is a member of a protected class due to his religion and that his religion was a determining factor in his termination [Doc. 1, ¶¶ 47, 48]. However, these conclusory statement, without any more evidentiary support, are not sufficient to support a prima facie case. Plaintiff has alleged no facts relative to how he was discriminated against based on his religion, who among the defendants acted in a discriminatory manner in terminating him, or that others outside of his protected class were treated differently. As stated in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Here, plaintiff has not pleaded any such factual content.

Further, plaintiff has alleged that unspecified "Defendants" engaged in discriminatory conduct and that defendant JTV, defendant Multimedia Commerce Group, Inc., and its subsidiaries qualify as "employers" under the THRA [Doc. 1, ¶¶ 66-67]. However, plaintiff has not alleged any facts that any defendant, besides defendant JTV, was his employer within the meaning of the THRA. Thus, not only has plaintiff failed to identify the alleged

discriminatory conduct of each defendant, the Court cannot possibly conclude, from plaintiff's complaint, which defendant plaintiff's claims are asserted against.

In sum, because plaintiff has failed to allege which defendant engaged in discriminatory conduct prohibited by the THRA and because plaintiff's allegations of religious discrimination do not form the basis of a prima facie case and are merely conclusory legal conclusions, the Court finds that plaintiff has failed to state a claim for religious discrimination under the THRA and accordingly, Count I of plaintiff's complaint is hereby dismissed.

### D.  OWBPA/ADEA Claim

Defendants also argue that plaintiff has failed to state a claim for a violation of the ADEA, as amended by the OWBPA. In Count II of the complaint, plaintiff alleges that the OWBPA/ADEA was violated because defendants failed to provide a knowing and voluntary waiver in the severance agreement provided to him [Doc. 1, ¶¶ 72-77]. The relevant portion of the statute provides that "[a]n individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1). The statute then gives several requirements that constitute a "minimum" at which a waiver may be considered knowing and voluntary. *Id.* The United States Supreme Court has made clear that "[t]he OWBPA governs the effect under federal law of waivers or releases on ADEA claims and incorporates no exceptions or qualifications." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427 (1998).

In his complaint, plaintiff has only tracked the statutory language and the minimal requirements listed in the statute for a knowing and voluntary waiver and has not included any factual allegation regarding how the waiver provision in the severance agreement allegedly failed to meet OWBPA criteria. Moreover, plaintiff has not even alleged facts indicating a violation of the ADEA and has acknowledged that he never actually signed the severance agreement with the allegedly unlawful waiver provision [Doc. 1, ¶ 53]. Accordingly, the Court cannot find that plaintiff has stated a claim for a violation of either the OWBPA or the ADEA and Count II of plaintiff's complaint is hereby dismissed.

### E. ERISA Claim

Plaintiff has also alleged a violation of § 510 of ERISA. *See* 29 U.S.C. § 1140 [Doc. 1, ¶¶ 78-89]. This section provides that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 506 (6th Cir. 2004). Thus, ERISA prohibits employers from retaliating against an employee who avails himself or herself of an ERISA right and prohibits employers from interfering with an employee's attainment of an ERISA right. *Id.*; *see* 29 U.S.C. § 1140.

In order to establish a prima facie case under § 510 of ERISA, a plaintiff must show the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3)

with the attainment of any right to which the employee may become entitled. *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 613 (6th Cir. 2009) (quoting *Smith v. Ameritech*, 129 F.3d 857, 865 (6th Cir. 1997)). In proving the causation prong of the prima face case, a plaintiff must show that the employer had the specific intent to violate ERISA when it took the employment action that adversely affected the plaintiff. *Ameritech*, 129 F.3d at 865; *see also Hamilton v. Starcom Mediavest Group, Inc.*, 522 F.3d 623, 628 (6th Cir. 2008). In other words, "a motivating factor in the defendant's action was the purpose of interfering with the plaintiff's entitlement to benefits" under ERISA. *Abbot v. Pipefitters Lcoal Union No. 522 Hosp., Medical, & Life Ben. Plan*, 94 F.3d 236, 242 (6th Cir. 1996).

As an initial matter, the Court notes that the individual defendants named by plaintiff in the complaint cannot, based on the factual allegations in the complaint, be liable for a violation of § 510 of ERISA. Plaintiff has alleged the blanket assertion that "Defendants" (which the Court presumes are all entity and individual defendants), are "employers" within the meaning of ERISA [Doc. 1, ¶ 80]. However, the Sixth Circuit has stated that the definition of an "employer" in ERISA, like the definitions of an "employer" in Title VII and the ADEA, was "intended to impose respondeat superior liability on employers, not to hold those acting on behalf of employees personally liable." *McDowell v. Krawchison*, 125 F.3d 954, 961-62 (6th Cir. 1997) (stating that while an individual defendant could be considered an employer in his actions regarding the plaintiff's health plan, this does not justify the imposition of individual liability). A broader definition of "employer," would "allow a court to hold an individual employee who merely processes health insurance questions . . .

personally liable for a plaintiff's medical costs . . . Congress most likely did not intend such a result." *McDowell*, 125 F.3d at 962. Thus, none of the individual defendants may be held liable for plaintiff's ERISA claim.

Having determined that the individual defendants are not liable for plaintiff's ERISA claim, the Court now turns towards whether plaintiff has stated a claim under ERISA for which defendant JTV and the other entity defendants may be liable. Plaintiff alleges that he was a participant in an ERISA health benefits plan with defendant JTV, that defendant JTV was an employer for purposes of ERISA, and that plaintiff was covered under defendant JTV's plan and entitled to receive benefits [Doc. 1, ¶¶ 79-82]. Plaintiff also alleges that defendants "willfully and intentionally terminated the Plaintiff in order to avoid anticipated health care expenses" because of plaintiff's health care expenses, and terminated plaintiff "for the purpose of interfering with his protected rights to receive ERISA benefits . . . ." [*Id.*, ¶¶ 81-84]. Plaintiff also alleges that the denial of his rights and benefits was arbitrary and capricious, unreasonable, discriminatory, and not made in good faith [*Id.*, ¶¶ 83-85].

Defendants argue that plaintiff's ERISA claim and related allegations do not meet the pleading standard articulated by the Supreme Court in *Twombly* and reiterated in *Iqbal*. *See Iqbal*, 129 S. Ct. 1937; *Twombly*, 200 U.S. 321. Echoing *Twombly*, the Sixth Circuit stated in an ERISA case that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies*, 520 F. 3d 516, 519 (6th Cir. 2008). To state a claim under

§ 510 of ERISA, plaintiff must allege both prohibited conduct and that the conduct was engaged in with the specific intent of violating ERISA. *See Helfrich v. Metal Container Corp.,*, No. C2-00-1339, 2001 WL 605073, at *3 (S.D. Ohio May 15, 2001) (dismissing plaintiff's ERISA § 510 claim). According to defendants, plaintiff has not provided any "plausible ground" from which to infer that his discharge was motivated by a specific intent to interfere with plaintiff's attainment of future benefits under ERISA.

The Court agrees with defendants that the factual allegations in the complaint are legal conclusions masquerading as factual allegations. Plaintiff has alleged little more than the elements of a claim under § 501. More importantly, plaintiff has not alleged, other than in a conclusory fashion, that defendants engaged in the allegedly prohibited conduct with the specific intent to violate ERISA. Such an allegation is required to state a claim under ERISA. *See Helfrich*, 2001 WL 605073, at *3 (citing *Roush v. Weastec, Inc.*, 96 F.3d 840, 845 (6th Cir. 1996)). As the Sixth Circuit has stated, a § 501 plaintiff must establish that his employer "had the specific intent of avoiding ERISA liability when it discharged him. Otherwise, every employee discharged by a company with an ERISA plan would have a claim under § 510." *Bingaman v. Procter & Gamble Co.*, No. 04-3584, 2005 WL 1579703, at *8 (6th Cir. July 6, 2005); *see also Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 452 (6th Cir. 1999). Plaintiff has not alleged such a specific intent on the part of defendants.

To the extent plaintiff has attempted to state a claim for a violation of fiduciary standards of care under ERISA, plaintiff has also failed to show that he is entitled to relief.[5] ERISA provides that plan fiduciaries have certain obligations to participants in a plan. Section 1104 of ERISA outlines the duties of a fiduciary under ERISA. 29 U.S.C. § 1104(a)(1). In his complaint, plaintiff alleges that unidentified fiduciaries: (a) breached their duty of loyalty; (b) breached their duty of prudence; and (c) breached their duty to follow the health care plan documents [Doc. 1, ¶ 89]. A review of the relevant statute and case law indicates that such duties are clearly the duties of fiduciaries under ERISA. *See* 29 U.S.C. § 1104(a)(1); *Berlin v. Michigan Bell Telephone Co.*, 858 F.2d 1154, 1162-63 (6th Cir. 1988) (stating that the fiduciary requirements imposed under ERISA have three components, the duty of loyalty, the "prudent man" fiduciary obligation, and the duty to act for the exclusive purpose of providing benefits to the beneficiaries). However, as stated above, the allegations contained in a complaint must be more then merely articulating the elements and duties that make up a claim. Plaintiff has not identified which entity or individual defendant(s) are the fiduciaries in regard to his claim, and plaintiff not made any factual allegations as to how these fiduciary duties were allegedly breached. As such, plaintiff has also failed to state a claim under ERISA for breach of fiduciary duties and Count III of plaintiff's complaint is hereby dismissed.

---

[5] Plaintiff has not cited this statutory provision in his complaint but avers that unidentified fiduciaries of the ERISA plan breached their fiduciary duty to the participants in the plan [Doc. 1, ¶ 89].

### F. Class Action Status

Lastly, defendants argue that plaintiff's request for class action status fails to allege any factual allegations to support his assertion that a class should be certified pursuant to Federal Rule of Civil Procedure 23 [Doc. 1, ¶ 90]. "In order to obtain class certification, [a] plaintiff must first satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). The party seeking class certification bears the burden of proof in this regard. *See, e.g., Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005).

Plaintiff alleges that he is part of a class defined as "all former JTV employees who were terminated on May 16, 2008 for the purposes of depriving them of continuing eligibility for their welfare benefits, including medical and health insurance." [Doc. 1, ¶ 90]. Plaintiff contends that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied and that "prosecution of separate actions by or against individual members of the class would create a risk of inconsistent . . . adjudications" and "questions of law or fact common to all members of the class predominate over any questions affecting only individual members[.]" [*Id.*, ¶¶ 92-93].

Here, plaintiff has failed to carry this burden. Plaintiff has arguably satisfied the first part of the numerosity requirement, which requires a plaintiff to plead "the existence of a class . . . ." *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (quotations and citations omitted). Plaintiff has alleged the basic existence of a class—employees who were terminated for the purpose of depriving them of benefits—but plaintiff has failed to allege

17

the number of individuals, their ages, the circumstances of their termination, or any other element of an ERISA claim in regard to this class of individuals. The Court therefore concludes that plaintiff has failed to satisfy the second part of the numerosity requirement, that "the limits of the class must be defined with some specificity." *Newsom*, 888 F.2d at 381. Given this determination, and the Court's previous determination that plaintiff has failed to state a claim for his other claims, plaintiff cannot satisfy the remaining requirements of class action status. Plaintiff's allegations of interrelatedness, especially when considered with the lack of other factual assertions regarding plaintiff's ERISA claim, do not provide a basis for the Court to find that the requirements of class certification have been met.

**IV. Conclusion**

Accordingly, and for the reasons stated herein, Defendants' Motion to Dismiss [Doc. 17] is hereby **GRANTED** and plaintiff Jacob Snir's claims are **DISMISSED** in their entirety. The Clerk of Court is **DIRECTED** to close this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

    s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE